UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KILAITA and KHANNA KILAITA, husband and wife, ANTHONY and KHANNA KILAITA, as Trustees of the ANTHONY and KHANNA KILAITA FAMILY TRUST, US January 22, 2004,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE; WELLS FARGO NA, a banking association, SELENE FINANCE, a Texas organization; SRMOF Trust, 2009-1, an organization; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC., a business organization; WHITE CORPORATION I, the holder of the bearer note executed by plaintiffs in 2007,<br><br>Defendants. | Case No.: CV11-00079 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND**<br><br>Hearing Date: January 6, 2012<br>Time:            9:00 a.m.<br>Judge:          Hon. Edward J. Davila<br>Comp. Date:  January 7, 2011 |

    Defendants Selene Finance, LP (erroneously sued as Selene Finance) and SRMOF

2009-1 Trust (erroneously sued as SRMOF Trust, 2009-1) (collectively "Selene") move to

dismiss the Complaint of Plaintiffs Anthony and Khanna Kilaita (collectively "Plaintiffs"), or, in

the alternative, for a more definite statement.  Selene also moves to strike Plaintiffs' prayer for

punitive damages.  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (erroneously sued as Wells Fargo NA, and also sued as Wells Fargo Home Mortgage) moves separately to dismiss Plaintiffs' Complaint.  Plaintiffs have not opposed Selene or Wells Fargo's (collectively "Defendants") motions.  Pursuant to Civil Local Rule 7-1(b), the court deems Defendants' motions suitable for determination without oral argument.  Having considered the submissions of the parties and the relevant legal authority, the court **GRANTS** Defendants' motions to dismiss with leave to amend.  Selene's motion to strike is denied as moot.

## I.      Background

On May 8, 2007, Plaintiffs Anthony and Khanna Kilaita entered into a mortgage loan with Defendant Wells Fargo for $761,000.  See Req. for Judicial Notice in Supp. of Selene's Motion to Dismiss the Compl., ECF No. 14 ("RJN1"), Ex. A; Req. for Judicial Notice in Supp. of Wells Fargo's Motion to Dismiss the Compl., ECF No. 34 ("RJN2"), Ex. A.  This mortgage loan was secured by a Deed of Trust ("DOT") on real property located at 525 Bella Calais Way, San Jose, California 95138.  See Compl. ¶ 13; RJN1, Ex. A; RJN2, Ex. A.  The DOT lists Wells Fargo as lender and beneficiary and Fidelity National Title Ins. Co. as trustee.  See RJN1, Ex. A; RJN2, Ex. A.  Wells Fargo substituted First American Loanstar Trustee Services LLC as trustee in April 2010.  See RJN2, Ex. B.

Plaintiffs became delinquent in their payment obligations under the DOT in 2009.  See Compl. ¶ 15.  As of May 3, 2010, Plaintiffs were $61,646.91 behind in their mortgage payments. See Compl., Ex. B.  Although Plaintiffs applied with Wells Fargo for loan modification under the Home Affordable Modification Program ("HAMP"), their application was rejected because, in Wells Fargo's opinion, Plaintiffs' mortgage debt was too large to allow modification under HAMP.  See Compl. ¶ 20.  Wells Fargo then offered and suggested to Plaintiffs that they seek mortgage modification or assistance under other available modification programs.  See Compl. ¶ 21.

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE TO AMEND

On May 4, 2010, Wells Fargo and Defendant First American LoanStar Trustee Services LLC ("First American") recorded a Notice of Default and Election to Sell Under Deed of Trust in the office of the Santa Clara County Recorder, commencing foreclosure and forfeiture upon the property.  See Compl. ¶ 23; Compl., Ex. B.  On or about June 1, 2010, Wells Fargo and Plaintiffs entered into a "Special Forbearance Agreement," an agreement to temporarily suspend foreclosure proceedings in exchange for monthly payments of $2,500 on July 1, 2010, August 1, 2010, and September 1, 2010, and a fourth payment in the amount of $55,607 on October 1, 2010.  See Compl. ¶ 25; Compl., Ex. C.  The Special Forbearance Agreement states that all terms of the original promissory note remain effective, and that the lender may proceed with foreclosure at its option, at any time.  Id.

Before the September payment was due, Plaintiffs allege that Wells Fargo sold the beneficial interest in the note and DOT to Selene.  See Compl. ¶ 27; Compl., Ex. D.  When Plaintiffs tendered their September payment, Selene rejected the payment, alleging that it was not privy to the Special Forbearance Agreement and otherwise did not participate in loan modification programs of any sort.  See Compl. ¶ 29.  Selene thereafter declared by letter before the October payment under the Special Forbearance Agreement was due that the forbearance agreement was in breach by Plaintiffs.  See Compl. ¶ 31.  Defendants maintained the pendency of a foreclosure and forfeiture sale that was set for mid-February 2011.  See Compl. ¶ 34. Plaintiffs allege that the trustee sale was improperly declared, or, alternatively, that the foreclosure proceedings were otherwise invalid because the trustee sale was noticed by a party without (1) ownership of the note and DOT or (2) the right to notice a trustee's sale.  See Compl. ¶ 38-39.

Plaintiffs filed their Complaint on January 7, 2011 ("Complaint").  The Complaint alleges claims against Defendants for breach of contract, breach of the covenant of good faith and fair dealing, and wrongful foreclosure/forfeiture.  See Compl. ¶¶ 42-51, 58-62, and 63-64.  The Complaint further alleges claims against Selene for breach of contract and violation of the Real

Estate Settlement and Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA").  See Compl. ¶¶ 52-54 and 55-57.  Plaintiffs seek declaratory relief, injunctive relief, and damages as against Defendants.  See Compl. ¶¶ 41, 47, 51, 54, 57, 62, and 64.  The court now considers: (1) Selene's unopposed Motion to Dismiss Plaintiffs' Complaint, or, in the alternative, for a more definite statement ("MTD1"); (2) Selene's unopposed Motion to Strike Prayer for Punitive Damages; and (3) Wells Fargo's unopposed Motion to Dismiss Plaintiffs' Complaint ("MTD2").

## II.    Legal Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2011).  In considering whether a complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  See Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  All ambiguities or doubts must be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not provide detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  "If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts."  Serrano v. World Savings Bank, FSB, No.

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE TO AMEND

11-CV-00105-LHK, 2011 WL 1668631 *1 (N.D. Cal. May 3, 2011) (citing <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000)).

**III.    Request for Judicial Notice**

Wells Fargo and Selene have made unopposed requests for judicial notice of documents related to Plaintiffs' claims.  As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).  However, a court may take judicial notice of matters of public record outside the pleadings.  <u>Id.</u> at 689.  In this case, Selene requests judicial notice of the DOT recorded on May 15, 2007 in the Office of the Santa Clara County Recorder.  <u>See</u> RJN1, Ex. A.  Wells Fargo requests judicial notice of documents recorded in the Office of the Santa Clara County Recorder, including: (1) the DOT recorded on May 15, 2007 and (2) the Substitution of Trustee recorded on April 30, 2010.  <u>See</u> RJN2, Ex. A; RJN2, Ex. B.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993).  The court concludes that the recorded public documents submitted by Defendants are not subject to reasonable dispute and are proper subjects of judicial notice.  <u>See</u> <u>Valasquez v. Mortgage Elec. Registration Sys., Inc.</u>, 2008 WL 4938162, at *2-*3 (N.D. Cal. 2008) (taking judicial notice, pursuant to Fed. R. Evid. 201, of a Deed of Trust and a Substitution of Trustee, among other documents).  Accordingly, the court **GRANTS** Selene's unopposed request for judicial notice.  The court likewise **GRANTS** Wells Fargo's unopposed request for judicial notice.

///

///

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE TO AMEND

**IV.    Discussion**

In this action, Plaintiffs seek to enjoin foreclosure and obtain declaratory and monetary relief on six grounds.  The court agrees with Defendants that each of these allegations fail to state a claim that would entitle Plaintiffs to injunctive relief, declaratory relief, or monetary relief.

**A.  First Cause of Action for Declaratory Judgment (Against All Defendants) and Third Cause of Action for Breach of Contract – Damages (Against All Defendants)**

Plaintiffs' first and third causes of action are related in that they are based on allegations that a party other than the holder of the promissory note improperly noticed or commenced forfeiture and foreclosure proceedings.  See Compl. ¶ 39 and 50.

Plaintiffs' first cause of action for declaratory relief and injunction against Defendants is based on the allegation that the trustee's sale "was noticed by a party without ownership of the note or the right to notice a trustee's sale."  Compl. ¶ 39.  According to Plaintiffs, notice of the trustee's sale by such a party "represents a justiciable case or controversy."  Compl. ¶ 40.

In Plaintiffs' third cause of action against Defendants for breach of contract damages, Plaintiffs allege that "a party other than the owner and bearer of the note is commencing forfeiture under the original note and deed of trust," and that to do so "was and is a material breach of the contract between the parties."  Compl. ¶ 49-50.

In opposition, Defendants argue that Plaintiffs have failed to point to any term in the promissory note or DOT that Defendants allegedly breached.  See MTD1 at 6; MTD2 at 3. According to Defendants, Plaintiffs cannot establish a requirement that foreclosure proceedings must be conducted exclusively by the possessor of the original promissory note.  See MTD1 at 7; MTD2 at 3.  Even if such a requirement existed, Wells Fargo additionally argues that Plaintiffs have failed to perform their obligations under the promissory note and DOT and thus cannot attempt to enforce the contract against Wells Fargo.  See MTD2 at 5.  Wells Fargo further alleges that even if it breached the contractual provisions of either the promissory note or DOT,

6

Plaintiffs fail to explain how the foreclosure proceedings being conducted by a party other than the possessor of the original note caused Plaintiffs any harm.  Id.  Selene further argues that Plaintiffs' Complaint is ambiguous, as it fails to specify which Defendant (if any) noticed the trustee's sale.  See MTD1 at 7.

To state a claim for breach of contract, a plaintiff must allege: (1) existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff.  See Walsh v. West Valley Mission Community College Dist., 66 Cal. App. 4th 1532, 1545 (1998).  For a breach of contract claim to succeed, a plaintiff must allege the existence of an enforceable contract or contract term that a defendant purportedly breached.  In order to properly plead the existence of such a term, a plaintiff must either "set forth in *haec verba*" all the terms of the contract or state the legal effect of those terms.  Gilmore v. Lycoming Fire Ins. Co., 55 Cal. 123, 124 (1880).

Plaintiffs neither set out the terms of the DOT in their complaint nor raise any provision of either the promissory note or the DOT that establishes a requirement for the foreclosure to be conducted by a holder of the original note.  Plaintiffs fail to raise specifically any term in the DOT or promissory note that Defendants allegedly breached.  Plaintiffs' first and third causes of action have no basis in law because there is no requirement for foreclosure proceedings to be conducted by the possessor of the original promissory note.  See Cal. Civ. Code § 2924 et seq.

The DOT signed by Plaintiffs states that in the event of borrower's default, "[i]f the default is not cured on or before the date specified in the notice [of default], Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law."  RJN1, Ex. A; RJN2, Ex. A.  The DOT defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.  Id.

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE TO AMEND

In California, district courts have consistently rejected a plaintiff's claims that a foreclosure process is invalid whenever the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps, 09-0007 SC, 2009 WL 656285, *4 (N.D. Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co., 08CV1919WQH (AJB), 2009 WL 32567, *2 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, 06CV0055 J(JMA), 2007 WL 2140640, *8 (S.D. Cal. July 23, 2007). California Civil Code § 2924 et seq. establishes a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures. These regulations do not require the person initiating foreclosure to have physical possession of the promissory note which the DOT secures. "Under Civil Code section 2924, no party needs to physically possess the promissory note." Sicairos v. NDEX West, 08CV2014-LAB (BLM), 2009 WL 385855, *2, *3 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he *trustee*, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1) (emphasis added). Here, First American, the *substituted trustee* under the DOT, filed and served the notice of default. See RJN2, Ex. B; Compl., Ex. B. Thus, a person authorized by this code section commenced the valid foreclosure proceeding. Therefore, Plaintiffs' allegation that the foreclosure was commenced by a party not in possession of the original promissory note cannot serve as the basis for a claim for declaratory relief or breach of contract.

Other deficiencies plague Plaintiffs' first and third causes of action as well. Plaintiffs have not performed their obligations under the promissory note and DOT. See Compl. ¶ 15. Because Plaintiffs are in breach of contract themselves and have provided no excuse for their non-performance, Plaintiffs cannot attempt to enforce the contract against Wells Fargo. Further, Plaintiffs do not plead sufficient facts to explain how the foreclosure proceedings being conducted by a party other than the possessor of the original note caused Plaintiffs any harm. Similarly, Plaintiffs' fail to specify which Defendant, if any, noticed the trustee's sale, attach any notice of trustee's sale, or plead specific facts such as the date of the alleged trustee's sale.

The court agrees that Plaintiffs have not sufficiently alleged an actual controversy that would entitle them to declaratory relief.  No factual basis exists for Plaintiffs' claim because there is no requirement that a party physically possessing the promissory note commence foreclosure.  Furthermore, Plaintiffs have not alleged sufficient facts to support a plausible claim for breach of contract as to Defendants.  Accordingly, Selene's motion to dismiss Plaintiffs' first and third causes of action is **granted**.  Wells Fargo's motion to dismiss Plaintiffs' first and third causes of action is likewise **granted**.

**B.  Second Cause of Action for Breach of Contract – Injunction (Against All Defendants)**

Plaintiffs' second cause of action for injunctive relief is also based on their allegations of Defendants' purported breach of contract.  Specifically, Plaintiffs allege that a party other than the holder of the bearer note improperly commenced foreclosure proceedings.  See Compl. 44.

Defendants seek to dismiss this cause of action on the ground that Plaintiffs lack standing to seek an injunction.  See MTD1 at 8; MTD2 at 6.  Defendants further argue that the Complaint lacks allegations that Plaintiffs are now willing or able to tender their undisputed obligation in full in support of a grant of injunctive relief.  See MTD1 at 7-8; MTD2 at 6.  Additionally, Defendants maintain that injunctive relief is a remedy that must be tethered to some independent legal duty owed by a defendant to a plaintiff.  See MTD1 at 8; MTD2 at 6.  Defendants contend that there is no basis for injunctive relief on the facts alleged.  Id.

Foreclosure proceedings may not be enjoined absent tender of the amount owed.  See Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003).  The pleadings must show tender of payment of the full obligation for which the subject property was secured or an offer in good faith to pay (coupled with the ability to pay) for a plaintiff to invoke the jurisdiction of a court of equity to enjoin a trustee's sale of the property.  See Karlsen v. American Savings & Loan Association, 15 Cal. App. 3d 112, 117 (1971).  Evidence of tender is required because a plaintiff who could not have redeemed his property had foreclosure proceedings been proper cannot show

that he was harmed by improper procedures.  See Nguyen, 105 Cal. App. 4th at 439.  Plaintiffs' Complaint shows that Plaintiffs were $61,646.91 in arrears as of May 3, 2010.  See Compl., Ex. B.  Plaintiffs lack standing to request an injunction because they fail to plead that they tendered the amount in arrears or that they tendered the amount due under the promissory note.

To obtain an injunction, the moving party must show that irreparable injury is likely in the absence of an injunction to succeed on a request for injunctive relief.  See Jennings v. Wash. Mut. Bank, 2011 WL 775861, *9 (E.D. Cal. 2011) (citing Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)).  The party must demonstrate that: "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest."  Id. (citing Stormans, 586 F.3d at 1127).  "Injunctive relief, like damages, is a *remedy requested by the parties, not a separate cause of action*."  Cox Communications PCS, L.P. v. City of San Marcos, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) (emphasis in original) (citing BLACK's LAW DICTIONARY 201 (1979)).  This remedy must be tied to some independent legal duty owed by a defendant to a plaintiff.  See McDowell v. Watson, 59 Cal. App. 4th 1155, 1159 (1997).  As discussed above in Section IV, Subsection A, regarding Plaintiffs' first and third causes of action, Plaintiffs fail to plead sufficient facts to support their breach of contract claim.  Thus, Plaintiffs cannot demonstrate that they are likely to succeed on their merits, and their request for injunctive relief must be dismissed.

For all of the foregoing reasons, Selene's motion to dismiss Plaintiffs' second cause of action is **granted**.  Wells Fargo's motion to dismiss Plaintiffs' second cause of action is likewise **granted**.

### C.  Fourth Cause of Action for Breach of Contract (Against Selene Finance, LP and SRMOF 2009-1 Trust)

Plaintiffs' fourth cause of action for breach of contract against Selene alleges that the Special Forbearance Agreement "constitutes a contract between the parties," and that Selene

purchased "the note with the modification which is Exhibit C." Compl. ¶ 53-54. Selene argues that Plaintiffs' claim is conclusory and therefore not entitled to the assumption of truth. See MTD1 at 9. Selene further argues that Plaintiffs' claim contradicts the Special Forbearance Agreement, Exhibit "C" to the Complaint. Id.

The Special Forbearance Agreement is not a loan modification. It is an agreement to temporarily suspend foreclosure proceedings during a "trial period" in exchange for four monthly payments. See Compl., Ex. C. Upon successful completion of the trial period, Plaintiffs' "loan *will be reviewed* for a Loan Modification." Id. (emphasis added). Thus, the Special Forbearance Agreement establishes that Plaintiffs' loan was not modified when Selene purchased the beneficial interest in the note and the DOT. Therefore, Plaintiffs cannot state a claim against Selene for breach of a non-existent loan modification, and this claim must be dismissed. Accordingly, Selene's motion to dismiss Plaintiffs' fourth cause of action is **granted**.

### D. Fifth Cause of Action for Violation of RESPA (Against Selene Finance, LP and SRMOF 2009-Trust)

Plaintiffs' fifth cause of action against Selene alleges that "[t]he refusal by Selene and/or SRMOF Trust to accept plaintiffs' payments under the Special Forbearance Agreement which is Exhibit C constitutes a breach of RESPA." Compl. ¶ 57. Alternatively, Plaintiffs allege that the maintaining of a foreclosure and forfeiture proceeding while performance of the Special Forbearance Agreement was ongoing "is a material breach of RESPA." Id. Selene argues that Plaintiffs' allegation that Selene somehow breached RESPA is a legal conclusion that is not entitled to the assumption of truth. See MTD1 at 9. Selene further argues that Plaintiffs do not specifically allege anywhere in the Complaint that Selene is maintaining foreclosure proceedings. Id.

Even construing the Complaint liberally, Plaintiffs' allegations are insufficient to state a claim for violation of RESPA. First, it is unclear how Selene violated RESPA as against Plaintiffs. In alleging that Selene breached a term of RESPA, Plaintiffs fail to point to the

specific section violated.  Second, Plaintiffs do not allege any damages.  "Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim."  <u>Park v. U.S. Bank Nat. Ass'n</u>, No. 10cv1546, 2011 WL 4102211, *7 (S.D. Cal. Sep. 13, 2011) (quoting <u>Molina v. Wash. Mut. Bank</u>, No. 09cv894, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010) (collecting cases)).  Having to file suit is insufficient as harm warranting actual damages.  <u>Id.</u> (quoting <u>Lal v. Am. Home Servicing, Inc.</u>, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).  Further, to recover statutory damages, Plaintiffs must plead a pattern or practice of noncompliance with RESPA.  <u>See</u> 12 U.S.C. § 2605(f)(1)(b).  Plaintiffs plead no such allegations in their Complaint.  Accordingly, Selene's motion to dismiss Plaintiff's fifth cause of action is **granted**.

### E.  Sixth Cause of Action for Violation of the Covenant of Good Faith and Fair Dealing Against All Defendants

Plaintiffs' sixth cause of action, for violation of the covenant of good faith and fair dealing, alleges that "[t]he original note and deed of trust, and the Special Forbearance Agreement, are contracts that contain Covenants of Good Faith and Fair Dealing."  Compl. ¶ 59.  Plaintiffs further allege that "Defendants have breached same in both" by, among other things, (1) commencing and maintaining foreclosure and forfeiture while not being in possession of the note, (2) denying Plaintiffs participation in or entitlement to a loan modification, and (3) violating state and federal law in the administration of the note and DOT.  <u>See</u> Compl. ¶ 60.

Selene and Wells Fargo seek to dismiss this cause of action on nearly identical grounds.  First, both Selene and Wells Fargo argue that Plaintiffs cannot establish the second element of this claim for violation of the covenant of good faith and fair dealing.  <u>See</u> MTD1 at 10; MTD2 at 7.  Selene further argues that Plaintiffs fail to plead how any conduct breached the express terms of the promissory note.  <u>See</u> MTD1 at 10.

Wells Fargo further maintains that this cause of action must be dismissed because Plaintiffs do not point to any express provision in the promissory note or the DOT that states or

implies Wells Fargo's obligation to pause foreclosure proceedings during review for loan modification.  See MTD2 at 8-9.  Wells Fargo argues that Plaintiffs' claim regarding denial of HAMP or other loan modification programs fails to tie Plaintiffs' allegedly implied benefit to any contract provision in the promissory note or the DOT.  See MTD2 at 10.  In the same vein, Selene contends that Plaintiffs' allegation that Defendants participated in HAMP is not a breach of the promissory note sufficient to state a claim for violation of the covenant of good faith and fair dealing because HAMP is a voluntary program that does not provide a private right of action for individual borrowers.  See MTD1 at 10-11.

      "Under California law, every contract 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'"  Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (quoting McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th  784, 796 (2008)).  The covenant of good faith and fair dealing "'is based on general contract law and the long-standing rule that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'"  Id. (quoting Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th  1, 36 (1995)).  In California, in order to establish a breach of the covenant of good faith and fair dealing, a plaintiff must plead factual elements demonstrating that "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct."  Id. (citing Judicial Council of California Civil Jury Instruction 325).  "Since the good faith covenant is an implied term of a contract, the existence of a contractual relationship is thus a prerequisite for any action for breach of the covenant."  Kokopelli Community Workshop Corp. v. Select Portfolio Servicing, Inc., 2011 WL 3490136 *8 (S.D. Cal. 2011) (quoting Kim v. Regents of the Univ. of Cal., 80 Cal. App. 4th 160, 164 (2000).  If a contractual relationship between the parties exists "the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE TO AMEND

create obligations not contemplated in the contract." <u>Racine v. Laramie, Ltd v. Department of Parks & Recreation</u>, 11 Cal. App. 4th 1026, 1032 (1992) (citing <u>Gibson v. Government Employees Ins. Co.</u>, 162 Cal. App. 3d 441, 448 (1984).

Plaintiffs' claim as to Defendants "maintaining the pendency of foreclosure and forfeiture upon a deed of trust, while considering at the same time plaintiffs' eligibility for a mortgage modification," does not point to any express term in the contract stating or implying an obligation to pause foreclosure proceedings during loan modification review. Compl. ¶ 60(c). Section 22 of the DOT provides that if Plaintiffs fail to cure a default by the date specified in the notice of default, the lender may invoke the power of sale. <u>See</u> RJN1, Ex. A; RJN2, Ex. A. Further, the Special Forbearance Agreement states that "[t]he lender, at its option, may institute foreclosure proceedings according to the terms of the note and security instrument without regard to [the forbearance] agreement." Compl., Ex. C. Thus, Wells Fargo was within its contractual right to initiate foreclosure proceedings in response to Plaintiffs' default, regardless of whether a potential loan modification or forbearance was in place or being concurrently considered. Accordingly, this claim cannot support Plaintiffs' sixth cause of action because Plaintiffs fail to plead what express terms of the promissory note, if any, were breached by the alleged conduct.

Plaintiffs' claim that Defendants violated the covenant of good faith and fair dealing by "commencing and maintaining foreclosure and forfeiture when they are not in ownership of possession of the note and beneficial interest of the deed of trust" also cannot stand. Compl. ¶ 60(a). As discussed in Section IV, Subsection A, there is no express term in either the promissory note or the DOT indicating such a requirement. Further, as applicable law makes abundantly clear, the promissory note and the DOT negate any possibility of such a requirement being implied into the contract. <u>See</u> <u>Guz v. Bechtel Nat'l, Inc.</u>, 24 Cal. 4th 317, 349-50 (2000) (An implied covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.").

---

14

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE TO AMEND

The non-judicial foreclosure was commenced by a party authorized under California Civil Code § 2924 et seq.  Thus, this claim cannot support Plaintiffs' sixth cause of action because the conduct alleged to breach the covenant of good faith and fair dealing was conduct expressly permitted by applicable law.

Plaintiffs' argument that Defendants violated the covenant of good faith and fair dealing by "denying to plaintiffs participation in or entitlement to either HAMP or other available mortgage modification programs despite plaintiffs' eligibility therefore," fails because Plaintiffs do not point to any provision in the promissory note or the DOT that confers such benefit. Compl. ¶ 60(b).  Participation in HAMP or any other loan modification program is not an implied term of either the promissory note or the DOT.  HAMP sets forth guidelines that loan servicers should consider in reviewing a modification request, and does not require that loan servicers agree to modify anything.  See Escobedo v. Countrywide Home Loans, Inc., 09CV1557 BTM (BLM), 2009 WL 4981618, *2-*3 (S.D. Cal. Dec. 15, 2009).  The nature of HAMP does not provide Plaintiffs with a private right of action.  Parties benefitting from a government contract "are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." Zendejas v. GMAC Wholesale Mortg. Corp., 1:10-CV-00184, 2010 WL 2629899, *3 (E.D. Cal. June 29, 2010) (citing Escobedo, 2009 WL 4981618, at *1-*2).  Qualified borrowers under HAMP "'would not be reasonable in relying on the Agreement as manifesting an intention to confer a right on him because the agreement does not require [a loan servicer to] modify eligible loans.'" Id. (quoting Escobedo, 2009 WL 49181618. At *3).  Thus, Plaintiffs lack standing to challenge HAMP compliance.  Similarly, the Emergency Economic Stabilization Act ("EESA"), Pub. L. 110-343, Oct. 3, 2008, provides no private right of action.  See Mangosing v. Wells Fargo Bank, N.A., CV-09-0601-PHX-FJM, 2009 WL 1456783, *1 (D. Ariz. May 22, 2009) (citing 12 U.S.C. § 5220(a)).

Notwithstanding Plaintiffs' lack of a private right of action under HAMP or EESA, the alleged breach of the covenant of good faith and fair dealing regarding denial of participation in

or entitlement to HAMP is not well grounded because Plaintiffs themselves admit that they failed to qualify for a loan modification.  Plaintiffs' application for modification under HAMP was rejected by Wells Fargo "for the reason that plaintiffs' mortgage debt was too large, in their opinion, to allow modification under the HAMP program."  Compl. ¶ 20.  This claim cannot support Plaintiffs' sixth cause of action because (1) participation in HAMP is not an implied term of the promissory note or the DOT, (2) HAMP and EESA do not provide a private right of action, and (3) Plaintiffs failed to qualify for a loan modification.

Plaintiffs allege that Defendants breached the implied covenant of good faith and fair dealing by "violating State and Federal law as alleged in this complaint."  Compl. ¶ 60(g).  "[T]he covenant of good faith and fair dealing is, by definition, an implied contract term.  It has no relation to any statutory duties which may exist."  <u>Smith v. City & County of San Francisco</u>, 225 Cal. App. 3d 38, 49 (1990).  Therefore, Plaintiffs' argument fails because a claim for breach of the implied covenant of good faith and fair dealing cannot be based on the terms of a statute.

As discussed above in Section IV, Subsection A, Plaintiffs failed to meet their own obligations set forth in the promissory note and the DOT.  Accordingly, Plaintiffs cannot allege the second element of their cause of action for breach of the covenant of good faith and fair dealing.  Thus, Selene's motion to dismiss Plaintiffs' sixth cause of action is **granted**.  Wells Fargo's motion to dismiss Plaintiffs' sixth cause of action is likewise **granted**.

### F.  Seventh Cause of Action for Wrongful Foreclosure/Forfeiture (Against All Defendants)

Plaintiffs' seventh cause of action for wrongful foreclosure alleges that "[t]he pending foreclosure and forfeiture of plaintiffs' property was and is wrongful by reason of the above [incorporation of the matters set forth in the first five claims for relief]."  Compl. ¶ 64.  Defendants argue that Plaintiffs' seventh cause of action rests solely on allegations supporting the Plaintiffs' prior claims and that these allegations do not state a legally valid claim.  <u>See</u> MTD1 at 11; MTD2 at 13.  Defendants further contend that Plaintiffs lack standing to challenge

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE TO AMEND

a foreclosure sale or to enjoin the trustee from proceeding with the sale because Plaintiffs have not alleged that they are willing or able to tender the undisputed amount owed.  Id.

Tender of the amount owed is a condition precedent to any challenge to the regularity or the validity of foreclosure proceedings.  See Nguyen, 105 Cal. App. 4th at 439.  A plaintiff cannot seek equitable relief from a court for wrongful foreclosure without first alleging tender of the amount due under the note.  See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996).  The tender offer rule applies to causes of action based on allegations of wrongful foreclosure or causes of action that seek redress from foreclosure.  Id.  The rationale behind the rule is that any irregularities in foreclosure proceedings do no harm to a plaintiff if that plaintiff could not have redeemed the property had the foreclosure proceedings been proper.  See FPCI RE-HAB 01 v. E&G Invs., Ltd., 207 Cal. App. 3d 1018, 1022 (1989); U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1224 (1985).

Plaintiffs do not plead that they are willing or able to tender the undisputed obligation due in full.  Thus, Plaintiffs have not stated a claim for wrongful foreclosure.  Accordingly, Selene's motion to dismiss Plaintiffs' seventh cause of action is **granted**.  Wells Fargo's motion to dismiss Plaintiffs' seventh cause of action is likewise **granted**.

## V.      Conclusion

Plaintiffs' Complaint fails to allege sufficient facts to state a claim as against Defendants Selene and Wells Fargo.  Accordingly, the court **GRANTS** Selene's motion to dismiss and **GRANTS** Wells Fargo's motion to dismiss.  In granting Defendants' motions to dismiss, "leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts." Serrano, No. 11-CV-00105-LHK, 2011 WL 1668631 *1 (quoting Lopez, 203 F.3d at 1130).  It is doubtful that Plaintiffs will be able to amend their claims sufficiently given their lack of opposition to this motion and lack of factual allegations contained in the complaint.  Although doubtful, as Plaintiffs may be able to amend some of their claims, the court **GRANTS** leave to amend.  **If Plaintiffs wish to pursue this action, they must file a First Amended**

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE TO AMEND

**Complaint, addressing the deficiencies identified herein, within 21 days of this Order.**
Plaintiffs may not add new claims or parties without seeking the opposing parties' consent or
leave of the court pursuant to Federal Rule of Civil Procedure 15.  **If Plaintiffs fail to file an**
**amended complaint within 21 days of this Order, the action will be dismissed with**
**prejudice.**

Selene's Motion to Strike Prayer for Punitive Damages is herein denied as moot.

**IT IS SO ORDERED.**

Date:  December 12, 2011

EDWARD J. DAVILA
United States District Judge

CASE NO. CV11-00079 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS WITH LEAVE
TO AMEND