IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY KILAITA, et. al., | CASE NO. 5:11-cv-00079 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' MOTION TO REOPEN** |
| v. | |
| WELLS FARGO HOME MORTGAGE, et. al., | [Docket Item No(s). 44] |
| Defendant(s). | |

Plaintiffs Anthony Kilaita and Khanna Kilaita ("Plaintiffs") presently move under Federal Rule of Civil Procedure 60(b) for an order relieving them from the dismissal entered after they failed to amend their pleading within the time allowed by the court. See Docket Item No. 44. Defendants Wells Fargo Bank, N.A., Selene Finance, LP and SRMOF 2009-1 Trust ("Defendants") oppose the motion in written opposition. The court has carefully reviewed this matter and finds that Plaintiffs failed to demonstrate that the relevant conduct was excusable. Accordingly, Plaintiffs' motion will be denied for the reasons stated below.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On December 12, 2011, the court issued an order granting Defendants' motion to dismiss Plaintiffs' complaint challenging foreclosure proceedings. See Order, Docket Item No. 36. As part of the order, the court granted Plaintiffs' leave to file an amended complaint, but required that the amended pleading be filed within 21 days of the date the order was filed. See id.

Plaintiffs did not file an amended complaint by the filing deadline of January 2, 2012. In response to this default, the court issued an Order to Show Cause ("OSC") on January 9, 2012, advising Plaintiffs that the case would be dismissed if Plaintiffs failed to show good cause in writing by January 23, 2012. See Docket Item No. 38. Since Plaintiffs did not respond to the OSC by the deadline imposed, the court issued an order of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) on January 24, 2012. See Docket Item No. 39. Judgment in favor of Defendants was also entered on the same date. See Docket Item No. 40.

Plaintiffs filed the instant motion on February 22, 2012. See Docket Item No. 44. According to Plaintiffs' attorney, she attempted to obtain an extension of the deadline to file an amended complaint from Defendants' attorneys due to the holiday season, but did not receive a response from one of the defendants. See Decl. of Mimi N. Trieu ("Trieu Decl."), Docket Item No. 48. When she did receive notice on January 3, 2012, that the defendant would not stipulate to an extension, Plaintiffs' attorney "began working on the motion to extend the time to file the amended complaint as well as the amended complaint, but was unable to finish and file it prior to the Order to Show Cause issued by the court on January 9, 2012." See id. Thereafter, Plaintiffs' attorney was unable to file a timely response to the OSC "due to login trouble with ECF." See id. She eventually filed a manual copy of the OSC response on January 24, 2012, but the case has since been dismissed earlier in the day. See id.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" based on a showing of "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Plaintiffs rely on excusable neglect as a basis for relief. "The determination of what conduct constitutes 'excusable neglect' under Rule 60(b)(1) and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 395 (1993)). The district court is guided by four factors to determine whether a particular form of neglect is excusable: "(1) the danger of prejudice to the opposing party;

(2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." See Pioneer, 507 U.S. at 395. "[T]he application of Rule 60(b)(1)'s excusable neglect standard 'is committed to the discretion of the district courts.'" Brandt, 653 F.3d at 1112 (quoting TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001)).

### III. DISCUSSION

It is without doubt that the conduct of Plaintiffs' attorney in failing to file a timely amended pleading constitutes neglect in some form. See Pioneer, 507 U.S. at 394 ("Thus, at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."). The more debatable issue is whether that neglect is excusable.

Under the Pioneer test, the court first looks to the prejudice to Defendants. See id. at 395. Reopening this action would result in some rather obvious prejudice to Defendants in the form of the time and expense associated with continued litigation and the need to revive a defense. But this type of prejudice, while important, is not necessarily a weighty consideration in the balance of factors. See Bateman v. United States Postal Serv., 231 F.3d 1220, 1224-25 (9th Cir. 2000) (finding minimal the prejudice resulting from the loss of a "quick victory"). Indeed, litigation costs are merely an inherent characteristic to any lawsuit, and Defendants would have incurred these expenses if Plaintiffs had timely amended the complaint.

In this case, however, that is not the end of the analysis for this factor. Here, prejudice to Defendants from continued litigation costs is magnified because Plaintiffs have not identified how they intend to amend the complaint so as to satisfy the shortcomings discussed in the order granting Defendants' motion to dismiss. Indeed, the court has rejected the legal theories underlying Plaintiffs' original claims, and Plaintiffs have yet to produce a proposed amended complaint or explain why allowing them to amend now would result in anything but another dismissal on the same grounds. The court is not inclined to allow pointless litigation which does nothing more than result in unnecessary expenses to Defendants. In that regard, this inquiry becomes much like the one employed when a defendant moves to vacate a default judgment. See TCI, 244 F.3d at 697 ("If,

3

1  however, the defendant presents no meritorious defense, then nothing but pointless delay can result
2  from reopening the judgment.").

3  The only proposed amendment that can be extracted from Plaintiffs' instant motion is one
4  adding new causes of action. See Mot., Docket Item No. 44, at Ex. A ("I plan on filing an amended
5  complaint in the above mentioned case, but with the holidays I would like for some more time to file
6  and to also add some additional causes of action."). The problem with this proposal is that an
7  amendment adding new causes of action is precluded by Federal Rule of Civil Procedure 15. Under
8  Rule 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that
9  pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12. "In all
10 other cases, a party may amend its pleading only with the opposing party's written consent or the
11 court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs were never given leave to file new causes of
12 action by the court,[1] nor have Defendants indicated a willingness to stipulate to new causes of
13 action. Accordingly, the only form of amendment actually identified by Plaintiffs is a futile one.

14 The lack of a viable amendment also plays into the fourth Pioneer factor: whether Plaintiffs
15 are acting in good faith. Plaintiffs contend there is no evidence of deviousness or willfulness.
16 Although the court cannot say definitively that Plaintiffs or their attorney acted deviously or that the
17 dismissal was a result of willful conduct,[2] it does appear that Plaintiffs are attempting to reopen a
18 case that has little chance of prevailing on the merits.[3] Under those circumstances, the court can
19 only conclude that Plaintiffs seek to maintain this action for the sole purpose of keeping Defendants
20 "on the hook" for something other than the relief sought in the complaint. Although such a strategy
21 may not be devious per se, it is certainly inequitable to reopen a case that is not necessarily being

---

[1] In fact, the court specifically precluded Plaintiffs from adding new causes of action without complying with the requirements of Rule 15. See Order, Docket Item No. 36 ("Plaintiffs may not add new claims or parties without seeking the opposing parties' consent or leave of the court pursuant to Federal Rule of Civil Procedure 15.").

[2] The court must note, however, that Plaintiffs failed to oppose the motion to dismiss. This at least suggests the dismissal resulted from some willful inaction on their part.

[3] "It is doubtful that Plaintiffs will be able to amend their claims sufficiently given their lack of opposition to this motion and lack of factual allegations contained in the complaint." See Order, Docket Item No. 36.

4
Case No. 5:11-cv-00079 EJD
ORDER DENYING PLAINTIFFS' MOTION TO REOPEN

pursued in good faith.

This leaves the length of the delay and the reasons for delay. Plaintiffs argue that the time between dismissal and the filing of this motion, 24 days, is minimal and therefore weighs in favor of finding the conduct excusable. The court would tend to agree with this argument if that were the only period of delay at issue, but it is not. In addition to the time it took to file this motion, the time between the filing of the order on the motion to dismiss (December 12, 2011) and the OSC (January 9, 2012), as well the time between the OSC and the dismissal (January 24, 2012), must both be considered as additional periods. Thus, the total length of delay on the part of Plaintiffs is 72 days. That is not extraordinary, but it is also not de minimis.

Moreover, the court cannot say that the reasons provided by Plaintiffs' attorney - or lack thereof - are entirely credible. Plaintiffs were notified on December 12th of the need to file an amended pleading by January 2, 2012. Plaintiffs apparently took no action until on or about December 21st, when Plaintiffs' attorney sent an email to Defendants' attorneys seeking an extension. Having not received an immediate response to the request, Plaintiffs still had 12 days to draft and timely file an amended complaint by the original filing deadline. Instead, Plaintiffs again took no action and provide little explanation for that choice.

Even after the deadline expired on January 2nd, Plaintiffs still had another week to seek leave for an extension before the court issued the OSC on January 9th, but once again nothing was filed. After that, Plaintiffs had 14 days to respond to the OSC. According to Plaintiffs' attorney, she did not attempt to file a response until January 23rd, the final date allowed for a response. She could not do so due to "login trouble with ECF." See Trieu Decl., Docket Item No. 48. That may be true, but it appears this "trouble" is the conclusion to a pattern of unexplained delays.

As the preceding paragraphs demonstrate, Plaintiffs had more than sufficient time to amend their complaint or to rectify their failure to file an amended pleading by the deadlines imposed. After considering the Pioneer factors, the court is compelled to find that the conduct is inexcusable under the circumstances, even if it is solely attributable to Plaintiffs' attorney. Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) ("[P]arties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to

5

Rule 60(b)(1)."). Plaintiffs' motion will therefore be denied.

## IV. ORDER

Plaintiffs' motion to reopen (Docket Item No. 44) is DENIED.

**IT IS SO ORDERED.**

Dated: August 13, 2012

EDWARD J. DAVILA
United States District Judge